**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONICA MARTINEZ-MONTELLO, individually,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a foreign limited-liability company; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive, jointly and severally,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**DECLARATION OF LOREN S. YOUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

I, LOREN S. YOUNG, declare as follows:

1.　　I am an attorney duly licensed to practice law before all the courts of the State of Nevada and the United States District Court for the District of Nevada.  I am a partner in the law firm of Lincoln, Gustafson & Cercos, LLP, attorneys of record for Defendant TARGET CORPORATION (hereinafter, "Defendant" or "Target").  I am personally familiar with the within stated facts and would and could testify based upon personal knowledge of the same, and as to those facts stated on information and belief, I believe them to be true.

2.　　A true and correct copy of the Complaint filed by Plaintiff Monica Martinez-Montello (hereinafter "Plaintiff") in the District Court of Clark County, State of Nevada, entitled *Monica Martinez-Montello v. Target Corporation, a foreign limited-liability company;  DOES 1 through 10;*

*and ROE ENTITIES 11 through 20, inclusive, jointly and severally,* Case No. A-21-839920-C ("Complaint"), is attached hereto as Exhibit "A."

3.      A true and correct copy of the Summons that was served with the above-referenced Complaint on Defendant is attached hereto as Exhibit "B."

4.      On information and belief, Defendant was served with a copy of the Summons and Complaint on or about August 25, 2021.

5.      The amount in controversy is not stated in the Complaint.  The Complaint states that Plaintiff seeks general damages in excess of $15,000.00.

6.      After being served with Plaintiff's Complaint, Target's counsel sent Plaintiff a letter on September 8, 2021, seeking a stipulation that Plaintiff's damages do not exceed $75,000.00 in exchange for which the matter could remain in state court.  Plaintiff was given until September 13, 2021, to so stipulate.  Target's counsel sent a follow-up email to Plaintiff's counsel on September 22, 2021, regarding the alleged damages and potential removal of this matter.  Plaintiff has not responded to either the letter or email. (*Id.*)

7.      A true and correct copy of Target's September 8, 2021 letter to Plaintiff's counsel and September 22, 2021 follow-up email on regarding removal and a proposed stipulation regarding the amount in controversy are attached hereto as Exhibit "C" and Exhibit "D."

8.      Defendant Target Corporation's Answer to Plaintiff's Complaint was filed and served on September 14, 2021.

9.      A true and correct copy of Defendant's Answer is attached hereto as Exhibit "E."

10.     In the State Court action, the case was subject to the State's non-binding arbitration program for cases with damages less than $50,000.  In the State Court action, the Court submitted to counsel an Arbitration Selection List and thereafter an Arbitrator was appointed on November 1, 2021. Subsequently, on November 16, 2021, Plaintiff's counsel filed an untimely Request for Exemption from Arbitration citing damages in the amount of $139,250.00. The Request for Exemption will likely be granted.

11.     A true and correct copy of Plaintiff's Request for Exemption from Arbitration is attached hereto as Exhibit "F."

12.     On information and belief, Defendant was and is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota, and is the only Defendant that has been served with the Summons and Complaint in this action.

13.     On information and belief, Defendant's corporate headquarters are located in the State of Minnesota, where the company's executive and administrative functions are performed.

14.     This Notice of Removal is filed less than one (1) year after the commencement of the action.

15.     This case is filed within (30) days after it first ascertained that the amount in controversy requirement is satisfied for the reasons set forth above and in the Notice of Removal filed herewith.

16.     Defendant is serving a written notice of the removal to all adverse parties, including Plaintiff, and will file a copy of the notice with the clerk of the District Court of Clark County, State of Nevada, where this action is currently pending.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct, and if called upon to testify to the facts thereto, could and would do so competently.

Executed on November __29__, 2021, in Las Vegas, Nevada.


LOREN S. YOUNG

v:\k-o\martinez-montello_target\atty notes\drafts\pldgs\20211004_decl_lsy_bjp.docx

# Exhibit "A"

Electronically Filed
8/23/2021 12:58 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**ERIC R. BLANK, ESQ.**
Nevada Bar No. 06910
**DAVID M. MOORE, ESQ.**
Nevada Bar No. 08580
**ERIC BLANK INJURY ATTORNEYS**
7860 W. Sahara Avenue, Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 222-2115
Facsimile: (702) 227-0615
E-mail: service@ericblanklaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-839920-C
Department 25

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MONICA MARTINEZ-MONTELLO,
individually,

      Plaintiff,

vs.

TARGET CORPORATION, a foreign limited-
liability Company; DOES 1 through 10; and
ROE ENTITIES 11 through 20, inclusive
jointly and severally,

      Defendants.

Case No.

Dept. No.

## **COMPLAINT**

  Plaintiff, MONICA MARTINEZ-MONTELLO, by and through her attorneys of record, ERIC R. BLANK, ESQ., and DAVID M. MOORE, ESQ., of ERIC BLANK INJURY ATTORNEYS, and for Plaintiff's causes of action against the Defendant, TARGET CORPORATION, complains and alleges as follows:

  1.  This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

2.      This Court has personal jurisdiction in this matter, as the incidents, transactions, and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

3.      Plaintiff, MONICA MARTINEZ-MONTELLO (hereinafter "Plaintiff") is, and was, at all times relevant to this action, a resident of Nevada, and that the incidents alleged herein occurred in Clark County, Nevada.

4.      Upon information and belief, Defendant, TARGET CORPORATION, is, and was, at all times relevant to this action, a foreign corporation doing business in Clark County, Nevada as TARGET (hereinafter "Defendant").

5.      That the names and capacities of Defendants DOES I through X, and ROE CORPORATIONS I through X, and whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and therefore alleges that each of the DOE and ROE Defendants are legally responsible for the injuries and damages to Plaintiff as herein alleged. At such time that Plaintiff determines the true identities of DOES I through X, and ROE Corporations I through X, Plaintiff will amend his Complaint to set forth the proper names of those Defendants, as well as asserting appropriate charging allegations.

6.      That all facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada at TARGET, located at 695 S. Green Valley Parkway, Henderson, Nevada 89052 (hereinafter referred to as "subject property").

7.      On or about August 24, 2019, Plaintiff was pushing a shopping cart near the checkout stand and her finger got caught underneath a ledge ("hazardous condition"), causing injuries.

8.      At the time of the incident herein complained of, and immediately prior thereto, Defendant, in breaching its duties owed to Plaintiff, was negligent and careless, inter alia, in the following particulars:

    A. Defendant had a duty to maintain the subject property in such a manner as to provide a safe environment for their invited guests;

2

B. Defendants breached their duty in that they negligently failed to design, construct, control, supervise, inspect, maintain and/or repair the Property, thereby allowing a hazardous condition which resulted in Plaintiff's injuries;

C. In violating certain state and local statutes, rules, regulations, codes and ordinances; Plaintiff will pray leave of Court to insert the exact violations at the time of trial.

9.      As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff suffered physical injuries, severe pain, and mental anguish. Plaintiff's damages are chronic and may be permanent and/or disabling. Furthermore, Plaintiff's damages have exceeded FIFTEEN THOUSAND DOLLARS ($15,000.00).

10.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, Plaintiff has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

11.     Additionally, Plaintiff has been required to retain ERIC BLANK INJURY ATTORNEYS to prosecute this action and is entitled to recover Plaintiff's attorney's fees, case costs and prejudgment interest.

12.     As a further direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff has incurred other incidental damages in a sum to be determined at the time of trial.

///

///

///

///

///

3

WHEREFORE, Plaintiff expressly reserves the right herein to include all items of damage and demands judgment against Defendant, as follows:

1.  General damages for in an amount in excess of $15,000.00;

2.  Special damages for Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3.  Special damages for other incidental damages;

4.  Costs of this suit, attorney's fees, and prejudgment interest; and

5.  Any other relief as the Court may deem just and proper.

DATED this 23rd day of August, 2021.

By:   /s/ David M. Moore
**ERIC R. BLANK, ESQ.**
Nevada Bar No. 06910
**DAVID M. MOORE, ESQ.**
Nevada Bar No. 08580
**ERIC BLANK INJURY ATTORNEYS**
7860 W. Sahara Avenue, Suite 110
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

4

# Exhibit "B"

1  **SUMM**
   **ERIC R. BLANK, ESQ.**
2  Nevada Bar No. 006910
   **DAVID M. MOORE, ESQ.**                    CASE NO: A-21-839920-C
3  Nevada Bar No. 08580                              Department 25
4  **ERIC BLANK INJURY ATTORNEYS**
   7860 W. Sahara Avenue, Suite 110
5  Las Vegas, Nevada 89117
   Telephone: (702) 222-2115
6  Facsimile: (702) 227-0615
7  E-mail: service@ericblanklaw.com
   Attorneys for Plaintiffs
8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10 MONICA MARTINEZ-MONTELLO,            Case No. :
11 individually,                        Dept. No.:
                        Plaintiff,
12
13 vs.                                  **SUMMONS - CIVIL**

14 TARGET CORPORATION, a foreign
15 limited-liability Company; DOES 1 through
   10; and ROE ENTITIES 11 through 20,
16 inclusive jointly and severally,

17                       Defendants.
18
19 **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
   **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ**
20 **THE INFORMATION BELOW.**

21 **TO THE DEFENDANT, TARGET CORPORATION:**  A civil Complaint has been filed by the
22 Plaintiff(s) against you for the relief set forth in the Complaint.

23     1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you
              exclusive of the day of service, you must do the following:
24
25            (a)    File with the Clerk of this Court, whose address is shown below, a formal
                     written response to the Complaint in accordance with the rules of the Court, with
26                   the appropriate filing fee.
              (b)    Serve a copy of your response upon the attorney whose name and address is
27                   shown below.
28

                                    Page 1 of 2

2.      Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Respectfully Submitted:

By:   /s/ David M. Moore
      **ERIC R. BLANK, ESQ.**
      Nevada Bar No. 006910
      **DAVID M. MOORE, ESQ.**
      Nevada Bar No. 08580
      **ERIC BLANK INJURY ATTORNEYS**
      7860 W. Sahara Avenue, Suite 110
      Las Vegas, Nevada 89117
      Telephone: (702) 222-2115
      Facsimile: (702) 227-0615
      Attorneys for Plaintiffs

STEVEN D. GRIERSON
**CLERK OF COURT**

8/24/2021

By: Laurie Williams
      **STEVEN D. GRIERSON**
      Eighth Judicial District Court
      Regional Justice Center
      200 Lewis Avenue
      Las Vegas, NV  89155
      (702) 671-4528

# Exhibit "C"

THOMAS J. LINCOLN\*+
RANDALL D. GUSTAFSON\*+◊
THEODORE R. CERCOS\*+
CHARLES K. EGAN\*
LOREN S. YOUNG+
SHANNON G. SPLAINE+◊
JILL S. CHILCOAT\*
CHRISTIAN W. SCHMITTHENNER\*
KATIE McCURDY BRACH\*
JORDAN T. NAGER\*
RICHARD J. REESE\*
KARISSA K. MACK+

———————

DARCIE A. F. COLIHAN\*
GENE E. ROYCE\*◊
AMANDA M. BREMSETH\*
DANICA J. BRUSTKERN\*
PAUL D. BALLOU+◊
BRITTNI N. BAILUS+
JESSICA W. ROWLAND\*
GABRIELLA S. BURDEN\*
Hon. MARK B. BAILUS (Ret.)+
LISA XU\*
ALEXANDER H. GETMAN\*
MELISSA K. MIXER\*
MADELINE A. BARRETT\*
NICOLE F. DAVIDOV\*
MARY A. HUGGINS+

———————

ADMITTED IN ARIZONA◊
ADMITTED IN CALIFORNIA\*
ADMITTED IN NEVADA+

## LINCOLN, GUSTAFSON & CERCOS
### LLP

**ATTORNEYS AT LAW**

**3960 HOWARD HUGHES PARKWAY
SUITE 200
LAS VEGAS, NV 89169-5968**

TELEPHONE (702) 257-1997
FACSIMILE (702) 257-2203

E-MAIL INFO@LGCLAWOFFICE.COM

**Founded 1987**

SAN DIEGO COUNTY OFFICE
550 WEST "C" STREET, SUITE 1400
SAN DIEGO, CA 92101
TELEPHONE (619) 233-1150
FACSIMILE (619) 233-6949

PHOENIX OFFICE
2415 E. CAMELBACK ROAD, SUITE 700
PHOENIX, AZ 85016
TELEPHONE (602) 606-5735
FACSIMILE (602) 508-6099

———————

LOREN S. YOUNG
MANAGING PARTNER
NEVADA

———————

MONICA J. YOON\*
OF COUNSEL

September 8, 2021

<u>VIA EMAIL AND FACSIMILE</u>

David M. Moore, Esq.
ERIC BLANK INJURY ATTORNEYS
7860 W. Sahara Avenue, Suite 110
Las Vegas, NV  89117
dmoore@ericblanklaw.com
Facsimile:  702-227-0615

Re:   <u>Martinez-Montello, Monica v. Target Corporation</u>
     Your Client:   Monica Martinez-Montello
     My Client:   Target Corporation
     Case No.:   A-21-839920-C
     DOI:   August 24, 2019

Dear Mr. Moore:

My firm has been retained to represent Target Corporation in the referenced matter.  Please be advised that we intend to file a Notice of Removal to remove this case from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada, Southern Division.

We will agree to remain in state court, however, if you stipulate that Plaintiff will not seek damages in excess of $75,000 in any jurisdiction.  Please confirm this agreement by signing at the bottom of this letter and returning it to my office via facsimile or electronic mail **before 5:00 p.m. on September 13, 2021.**  If we do not receive a response from you by that date, we will assume that you do not consent to limiting damages in this regard, that you have a good faith belief the case

Re:  Martinez-Montello, Monica v. Target Corporation
     September 8, 2021
     Page 2

has a value that exceeds the sum or value of $75,000, exclusive of interest and costs, and we will remove the case accordingly.

Thank you for your attention to this matter.  Please do not hesitate to call if you have any questions.

Very truly yours,

LINCOLN, GUSTAFSON & CERCOS, LLP

LOREN S. YOUNG, ESQ.

/bjp


SO STIPULATED AND AGREED


_____
By:   David M. Moore, Esq.
      ERIC BLANK INJURY ATTORNEYS
      Attorney for Plaintiff, Monica Martinez-Montello

V:\K-O\Martinez-Montello_Target\Atty Notes\Drafts\Ltrs\20210908_moore_bjp.docx

```
$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
$$$           Send Results            $$$
$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
```

Sending is complete.

| | |
|---|---|
| Job No. | 3819 |
| Address | 7022270615 |
| Name | |
| Start Time | 09/08 02:28 PM |
| Call Length | 01'05 |
| Sheets | 2 |
| Result | OK |

THOMAS J. LINCOLN*◆
RANDALL D. GUSTAFSON*◆
THEODORE R. CERCOS*◆
CHARLES K. EGAN*
LOREN S. YOUNG◆
SHANNON G. SPLAINE◆◇
JILL S. CHILCOAT*
CHRISTIAN W. SCHMITTHENNER*
KATIE McCURDY BRACH*
JORDAN T. NAGER*
RICHARD J. RERER*
KARISSA K. MACK◆

DARCIE A. F. COLIHAN*
GENE E. ROYCE*◇
AMANDA M. BREMSETH*
DANICA J. BRUSTKERN*
PAUL D. DALLOU◆
BRITTNI N. HAILUS◆
JESSICA W. ROWLAND*
GABRIELLA S. BURDEN*
Hon. MARK B. BAILUS (Ret.)◆
LISA XU*
ALEXANDER H. GETMAN*
MELISSA K. MIXER*
MADELINE A. BARRETT*
NICOLE P. DAVIDOV*
MARY A. HUGGINS◆

ADMITTED IN ARIZONA◇
ADMITTED IN CALIFORNIA*
ADMITTED IN NEVADA◆

**LINCOLN, GUSTAFSON & CERCOS LLP**

ATTORNEYS AT LAW

3960 HOWARD HUGHES PARKWAY
SUITE 200
LAS VEGAS, NV 89169-5968

TELEPHONE (702) 257-1997
FACSIMILE (702) 257-2203

E-MAIL INFO@LGCLAWOFFICE.COM

**Founded 1987**

SAN DIEGO COUNTY OFFICE
550 WEST "C" STREET, SUITE 1400
SAN DIEGO, CA 92101
TELEPHONE (619) 233-1150
FACSIMILE (619) 233-6949

PHOENIX OFFICE
2415 E. CAMELBACK ROAD, SUITE 700
PHOENIX, AZ 85016
TELEPHONE (602) 606-5735
FACSIMILE (602) 508-6099

LOREN S. YOUNG
MANAGING PARTNER
NEVADA

MONICA J. YOON*
OF COUNSEL

September 8, 2021

**VIA EMAIL AND FACSIMILE**

David M. Moore, Esq.
ERIC BLANK INJURY ATTORNEYS
7860 W. Sahara Avenue, Suite 110
Las Vegas, NV 89117
dmoore@ericblanklaw.com
Facsimile: 702-227-0615

Re:   Martinez-Montello, Monica v. Target Corporation
     Your Client:   Monica Martinez-Montello
     My Client:     Target Corporation
     Case No.:     A-21-839920-C
     DOI:         August 24, 2019

Dear Mr. Moore:

My firm has been retained to represent Target Corporation in the referenced matter.  Please be

**Barbara Pederson**

| | |
|---|---|
| **From:** | Barbara Pederson |
| **Sent:** | Wednesday, September 8, 2021 2:33 PM |
| **To:** | dmoore@ericblanklaw.com |
| **Cc:** | Loren Young; Barbara Pederson |
| **Subject:** | Monica Martinez-Montello v. Target Corporation |
| **Attachments:** | 20210908_moore_bjp.pdf |

Dear Mr. Moore,

Attached please find correspondence from Loren S. Young, Esq.

We look forward to hearing from you.

Thank you.

**Barbara J. Pederson**
**Office Manager and Legal Assistant to**
**Loren S. Young, Esq. - Managing Partner**
**Karissa K. Mack, Esq. - Partner**
**LINCOLN, GUSTAFSON & CERCOS LLP**
**Experience.  Integrity.  Results.**

**California     Nevada     Arizona**

| | | |
|---|---|---|
| 550 West "C" Street, Suite 1400 | 3960 Howard Hughes Parkway, Suite 200 | 2415 E. Camelback Rd.,  Suite 700 |
| San Diego, California  92101 | Las Vegas, Nevada  89169 | Phoenix, Arizona  85016 |
| 619.233.1150;  619.233.6949 Fax | 702.257.1997; 702.257.2203 Fax | 602.606.5735; 602.508.6099 Fax |

*www.lgclawoffice.com*

The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s).  Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.

# Exhibit "D"

**Barbara Pederson**

| | |
|---|---|
| **From:** | Loren Young |
| **Sent:** | Wednesday, September 22, 2021 9:22 AM |
| **To:** | dmoore@ericblanklaw.com |
| **Cc:** | Barbara Pederson; Eric Blank |
| **Subject:** | RE: Monica Martinez-Montello v. Target Corporation |
| **Attachments:** | 20210908_moore_bjp.pdf |

Hi David:

Will you take a look at this one and let me know what the potential damages are and if they are in excess of $75,000 so I can evaluate the need for removal to Federal Court?  Thanks.  Call me with questions.

**Loren S. Young, Esq.**
Managing Partner - Nevada
**LINCOLN, GUSTAFSON & CERCOS LLP**
Experience. Integrity. Results.

California    Nevada    Arizona

| 550 West "C" Street, Suite 1400 | 3960 Howard Hughes Parkway, Suite 200 | 2415 E. Camelback Rd.,  Suite 700 |
|---|---|---|
| San Diego, California  92101 | Las Vegas, Nevada  89169 | Phoenix, Arizona  85016 |
| 619.233.1150;  619.233.6949 Fax | 702.257.1997; 702.257.2203 Fax | 602.606.5735; 602.508.6099 Fax |

*www.lgclawoffice.com*

The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s). Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.

**From:** Barbara Pederson <BPederson@lgclawoffice.com>
**Sent:** Wednesday, September 8, 2021 2:33 PM
**To:** dmoore@ericblanklaw.com
**Cc:** Loren Young <lyoung@lgclawoffice.com>; Barbara Pederson <BPederson@lgclawoffice.com>
**Subject:** Monica Martinez-Montello v. Target Corporation

Dear Mr. Moore,

Attached please find correspondence from Loren S. Young, Esq.

We look forward to hearing from you.

Thank you.

**Barbara J. Pederson**
**Office Manager and Legal Assistant to**
**Loren S. Young, Esq. - Managing Partner**
**Karissa K. Mack, Esq. - Partner**

**LINCOLN, GUSTAFSON & CERCOS LLP**
Experience. Integrity. Results.

California    Nevada    Arizona

| 550 West "C" Street, Suite 1400 | 3960 Howard Hughes Parkway, Suite 200 | 2415 E. Camelback Rd.,  Suite 700 |
| San Diego, California  92101 | Las Vegas, Nevada  89169 | Phoenix, Arizona  85016 |
| 619.233.1150;  619.233.6949 Fax | 702.257.1997; 702.257.2203 Fax | 602.606.5735; 602.508.6099 Fax |

*www.lgclawoffice.com*

**The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s).  Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.**

# Exhibit "E"

Electronically Filed
9/14/2021 5:02 PM
Steven D. Grierson
CLERK OF THE COURT

1    **ANS**
     **LOREN S. YOUNG, ESQ.**
2    Nevada Bar No. 7567
     **LINCOLN, GUSTAFSON & CERCOS, LLP**
3    *ATTORNEYS AT LAW*
     3960 Howard Hughes Parkway, Suite 200
4    Las Vegas, Nevada 89169
     Telephone: (702) 257-1997
5    Facsimile: (702) 257-2203
     lyoung@lgclawoffice.com
6
7    Attorneys for Defendant, TARGET CORPORATION
8
9
                              DISTRICT COURT
10
                          CLARK COUNTY, NEVADA
11

12   MONICA MARTINEZ-MONTELLO,              CASE NO: A-21-839920-C
13   individually,
                                            DEPT. 25
14              Plaintiff,

15   v.                                     **DEFENDANT TARGET
                                            CORPORATION'S ANSWER TO
16   TARGET CORPORATION, a foreign limited- PLAINTIFF'S COMPLAINT**
     liability company; DOES 1 through 10; and ROE
17   ENTITIES 11 through 20, inclusive, jointly and
     severally,
18
                Defendants.
19

20        COMES NOW, Defendant, TARGET CORPORATION (hereinafter "DEFENDANT"), by

21   and through its counsel of record, the law firm of LINCOLN, GUSTAFSON & CERCOS, LLP, and

22   responds to Plaintiff's Complaint, and admits, denies and alleges as follows:

23        1.    In answering the allegations in Plaintiff's Complaint, Paragraph 1, this answering

24   Defendant is without sufficient knowledge and information necessary to form a belief as to the truth

25   or veracity of said allegations and on that basis therefore denies the same.

26        2.    In answering the allegations in Plaintiff's Complaint, Paragraph 2, this answering

27   Defendant is without sufficient knowledge and information necessary to form a belief as to the truth

28   or veracity of said allegations and on that basis therefore denies the same.

3.      In answering the allegations in Plaintiff's Complaint, Paragraph 3, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

4.      In answering the allegations in Plaintiff's Complaint, Paragraph 4, this answering Defendant admits that it is a Minnesota corporation authorized to do business in Nevada.

5.      In answering the allegations in Plaintiff's Complaint, Paragraph 5, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

6.      In answering the allegations in Plaintiff's Complaint, Paragraph 6, this answering Defendant admits that the alleged incident occurred at the Target store located at 695 S. Green Valley Parkway, Henderson, Nevada.

7.      In answering the allegations in Plaintiff's Complaint, Paragraph 7, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

8.      In answering the allegations in Plaintiff's Complaint, Paragraph 8, this answering Defendant denies the allegations contained therein.

9.      In answering the allegations in Plaintiff's Complaint, Paragraph 9, this answering Defendant denies the allegations contained therein.

10.     In answering the allegations in Plaintiff's Complaint, Paragraph 10, this answering Defendant denies the allegations contained therein.

11.     In answering the allegations in Plaintiff's Complaint, Paragraph 11, this answering Defendant denies the allegations contained therein.

12.     In answering the allegations in Plaintiff's Complaint, Paragraph 12, this answering Defendant denies the allegations contained therein.

///
///
///
///

## AFFIRMATIVE DEFENSES

### I.

This answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### II.

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of unclean hands of Plaintiff and/or other entities or individuals, whether or not parties herein.

### III.

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of laches.

### IV.

This answering Defendant is informed and believes and thereon alleges that Plaintiff, by her conduct, and/or by the conduct of other entities and/or individuals, whether or not parties herein, are estopped from asserting any claim(s) for damages or seeking any other relief against this answering Defendant.

### V.

This answering Defendant is informed and believes and thereon alleges that the causes of action set forth in the Complaint are barred pursuant to the provisions of NRS Sections 11.190, 11.202, 11.2055, et seq.

### VI.

This answering Defendant is informed and believes and thereon alleges that damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

///

**VII.**

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Plaintiff was negligent, careless, reckless, and unlawfully conducted herself so as to directly and proximately contribute to the happening of the incident and the occurrence of Plaintiff's claimed damages, all of which said negligence either bars completely or partially the damages sought herein.

**VIII.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages if any and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part, or by expenditures that might reasonably having been made, and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate her damages.

**IX.**

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were intervening and superseding causes of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

**X.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff expressly, voluntarily and knowingly assumed all risks about which she complains in her Complaint, and therefore, is barred either totally or to the extent of said assumption from any damages.

**XI.**

It has been necessary for this answering Defendant to retain the services of an attorney to prosecute this action and it is entitled to a reasonable sum as and for attorneys' fees.

**XII.**

At all times relevant herein, this answering Defendant acted diligently and with due care in the performance of any duty owed to Plaintiff, if any.

### XIII.

The incident alleged in Plaintiff's Complaint, and resulting damages, if any, were caused or contributed to by Plaintiff's own negligence which was greater than any negligence attributed to this answering Defendant, which is expressly denied by this answering Defendant.

### XIV.

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery of any special damages for failure to specifically allege the types of special damages pursuant to NRCP 9(g).

### XV.

This answering Defendant alleges that the damages, if any, to Plaintiff, as alleged, were proximately caused by a new, independent, and efficient intervening cause and not by any alleged negligence on the part of this answering Defendant.

### XVI.

This answering Defendant is entitled to an offset under NRS 17.245 for any liability of any other joint tortfeasor.

### XVII.

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Defendant has judgment against Plaintiff dismissing the Complaint on its merits;

2.      That Defendant has judgment against Plaintiff for its reasonable attorneys' fees and costs of suit; and

///

///

///

///

3.      For such other and further relief as the court deems just and proper.

DATED this 14th day of September, 2021.

                                          **LINCOLN, GUSTAFSON & CERCOS, LLP**


                                          **LOREN S. YOUNG, ESQ.**
                                          Nevada Bar No. 7567
                                          3960 Howard Hughes Parkway, Suite 200
                                          Las Vegas, Nevada 89169
                                          Attorneys for Defendant,
                                          TARGET CORPORATION

v:\k-o\martinez-montello_target\atty notes\drafts\pldgs\20210914_ans_bjp.docx

-6-

**Monica Martinez-Montello v. Target Corporation**
**Clark County Case No. A-21-839920-C**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14ᵗʰ day of September, 2021, I served a copy of the attached **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** via electronic service to all parties on the Odyssey E-Service Master List as follows:

Eric R. Blank, Esq.
David M. Moore, Esq.
ERIC BLANK INJURY ATTORNEYS
7860 W. Sahara Avenue, Suite 110
Las Vegas, NV 89117
service@ericblanklaw.com
Attorneys for Plaintiff

/s/ Barbara J. Pederson
_____
Barbara J. Pederson, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\K-O\Martinez-Montello_Target\POS\20210914_ANS_bjp.doc

-1-

# Exhibit "F"

Electronically Filed
11/16/2021 6:10 PM
Steven D. Grierson
CLERK OF THE COURT

**ERIC R. BLANK, ESQ.**
Nevada Bar No. 6910
**DAVID M. MOORE, ESQ.**
Nevada Bar. No. 8580
**ERIC BLANK INJURY ATTORNEYS**
7680 W. Sahara Ave., Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 222-2115
Facsímile: (702) 227-0615
Email: service@ericblanklaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MONICA MARTINEZ-MONTELLO, individually, <br><br>                 Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, a foreign limited-liability Company; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally, <br><br>                 Defendants. | CASE NO.:   A-21-839920-C <br> DEPT. NO.:   25 <br><br><br> **PLAINTIFF'S REQUEST FOR** <br> **EXEMPTION FROM ARBITRATION** |

Plaintiff, MONICA MARTINEZ-MONTELLO (hereinafter "Plaintiff"), by and through her undersigned counsel ERIC R. BLANK, ESQ. and DAVID M. MOORE, ESQ. of ERIC BLANK INJURY ATTORNEYS, hereby requests that the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

    1. ____ presents a significant issue of public policy;

    2. _X_ involves an amount in issue in excess of $50,000.00, exclusive of interest and costs;

    3. ____ presents unusual circumstances which constitute good cause for removal from the program.

A summary of the specific facts which supports Plaintiff's Request is as follows:

# I.

# __FACTS OF THE CASE__

This is a premises-liability negligence case stemming from an injury which occurred on or about August 24, 2019, on which date Plaintiff was a business invitee of Defendant Target Corporation.  Plaintiff is a New Patient Coordinator who lives in Las Vegas. Upon her exit at the cash register, her hand was caught in between the shopping cart and point-of-sale counter and created an allegedly dangerous and hazardous condition which directly caused Plaintiff to get her left hand trapped, resulting in significant injuries requiring medical treatment and ongoing care.

As a direct and proximate result of the above negligence and carelessness of Defendant, Plaintiff allegedly sustained serious injuries including, but not limited to, carpal tunnel syndrome and triggering of finger.

# II.

# __DAMAGES__

At the time of the incident, her injuries and treatment caused her to miss several weeks of work in the months immediately following her injury and continue to impact her daily living and ability to work.

On October 10, 2019, Plaintiff consulted with Dr. Jonathan Sorrelle for her left thumb.  She complained of numbness on the ulnar aspect of her left hand.  Upon examination of the left hand and wrist, Dr. Sorrelle noted a positive Phalen's test of the left wrist indicating carpal tunnel syndrome; positive Tinel's test indicating nerve injury; reduced Thenar strength and Interossei; and significant tenderness over the A-1 pulleys of the left thumb and little finger.  She was diagnosed with carpal tunnel syndrome, ulnar neuropathy at cubital and Guyon and left trigger finger.   Dr. Sorrelle recommended an upper extremity EMG to be performed and for Plaintiff to wear a splint and he prescribed her steroidal medication.

On November 6, 2019, she underwent an EMG of the left upper extremity.  The EMG did not reveal evidence of carpal or cubital tunnel syndrome.

On January 15, 2020, Plaintiff returned to Dr. Sorrelle.  She complained of persistent pain and occasional numbness and tingling.  She said her range of motion had not improved much.  She was unable to adduct the left little finger.  Dr. Sorrelle gave her the same diagnoses and recommended she undergo a carpal and cubital tunnel release and a Guyon release surgery.  Since Plaintiff did not have health insurance at the time, she decided to opt against having the surgery.

On April 7, 2020, Plaintiff sought a second opinion from Dr. Sep Bady of Advanced Orthopedics & Sports Medicine.  On examination, Dr. Bady noted tenderness at the proximal interphalangeal ("PIP") joint of the fourth and fifth digit.  She also had a positive Phalen's sign with immediate pain and numbness to the hand.  Dr. Bady diagnosed her with an injury to her PIP joints and carpal tunnel syndrome.  Dr. Bady did not think surgery would help her PIP joints, but a carpal tunnel may help with her numbness.  Since Plaintiff did not have health insurance at the time, she decided to opt against having the carpal tunnel surgery.

On October 4, 2021, after obtaining health insurance, Plaintiff again consulted with Dr. Sorrelle after she noticed that the pain in her hand was getting worse. Plaintiff continues to experience pain and symptoms from her injuries daily and therefore continues to receive regular medical care and conservative treatment for her injuries sustained and/or exacerbated by this incident.  Plaintiff recently went back to re-evaluate her hand, and Dr. Sorrelle confirmed that Plaintiff is still needing the surgery to make her hand whole again.  Plaintiff plans to have the surgeries over the coming months.

///

///

///

**PAST KNOWN MEDICAL EXPENSES incurred to date\*:**

*Plaintiff is still in the process of gathering up to date records and bills.

| | | |
|---|---|---|
| The Minimally Invasive Hand Institute | 10/10/19-10/04/21 | 8,690.00 |
| Advanced Orthopedics and Sports Medicine | 04/07/20 | 1,055.75 |
| Las Vegas Neurology Center | 11/06/2019 | 2,000.00 |
| Medications | | PENDING |
| ***TOTAL KNOWN PAST MEDICAL SPECIALS*** | | **$11,745.75** |
| ***Future Surgical Recommendation*** | | **$139,250.00** |

## LEGAL ARGUMENT

This is an untimely Request from Exemption from Arbitration.  Since Plaintiff did not have health insurance, Plaintiff could not have the surgeries for monetary reasons.  Now that she has health insurance, she can now bear the cost of the surgeries.

Plaintiff's above-described injuries necessitated medical care and ongoing treatment, have caused permanent and disabling injuries that affect her daily living and enjoyment of life, have affected her ability to continue doing her job effectively and efficiently, and requires future ongoing treatment.  Plaintiff's known past medical damages *alone* are at **$11,745.75, plus her recommended surgical hand procedure is at $139,250.00** and are well in excess of $50,000.00 and merit exemption from the arbitration program.  Plaintiff further anticipates her attorneys will consult with and/or retain an expert(s) to evaluate his future care needs and evaluate the loss of household services estimated to have resulted as a direct result of his injuries sustained from the Defendant's alleged negligence   As such, this matter should be allowed to proceed to jury trial.

///

///

///

///

Based upon the foregoing, I hereby certify pursuant to N.R.C.P. 11, this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 16th Day of November, 2021.

**ERIC BLANK INJURY ATTORNEYS**

By: _/s/: David M. Moore_
**ERIC R. BLANK, ESQ.**
Nevada Bar No. 06910
**DAVID M. MOORE, ESQ.**
Nevada Bar. No. 8580
7860 W. Sahara Ave., Suite 110
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

CASE NO.:   A-21-839920-C

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to NEFCR 9, NRCP 5(b) and EDCR 7.26, I certify that on this date, I served the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION**  on the following parties, by the selected means:

Loren S. Young, Esq.
LINCOLN, GUSTAFSON & CERCOS, LLP
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169
Telephone:  (702) 257-1997
Facsimile:  (702) 257-2203
*Attorney for Defendants*)

☒  **Odyssey eFileNV**

☐  **FACSIMILE**

☐  **U.S. MAIL**

**DATED** this 16th Day of November 2021.

_/s/: Elia Barrientos_____
An Employee Eric Blank Injury Attorneys