UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Monica Martinez-Montello, | Case No. 2:21-cv-02114-CDS-VCF |
| Plaintiff | **Order Granting Defendant Target's Summary Judgment Motion and Closing Case** |
| v. | |
| Target Corporation, | [ECF No. 18] |
| Defendant | |

Plaintiff Monica Martinez-Montello (Martinez-Montello) brings this negligence action against Target Corporation (Target) following an injury she sustained to her pinky finger while checking out at the store's Green Valley Parkway location in Henderson, Nevada. Plaintiff initiated this action in state court, but it was later removed based on diversity jurisdiction. In December of 2022, defendant Target filed a motion for summary judgment, which is fully briefed. While the parties requested a hearing, I have determined that I can resolve the motion without a hearing. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing."). For the reasons set forth herein, defendant's motion for summary judgment is GRANTED.

I.   Relevant background information

Martinez-Montello alleges that she was injured when she was pushing her shopping cart through a checkout lane at Target on or about August 24, 2019. ECF No. 1-2 at 6, ¶¶6-7.[1] Specifically, Martinez-Montello alleges that as she was pushing the cart toward the cashier, her left pinky finger "got caught underneath a ledge" causing injury to her finger, namely her finger was cut, bleeding, and swollen which made it difficult for her to bend. *Id.* at 6, ¶7; *see also* ECF

---

[1] References to the complaint are to provide background information only. Unless otherwise stated, the information drawn from the complaint does not serve as a finding of fact.

No. 19 at 20 (Target incident report). As a result of the incident, Martinez-Montello alleges she suffered "physical injuries, severe pain, and mental anguish." ECF No. 1-2 at 7, ¶9.

According to her opposition to the motion, Martinez-Montello did not seek medical attention until October 10, 2019, when she went to see Dr. Jonathan Sorelle. ECF No. 19 at 2 (opposition), *id.* at 45 (Pl.'s Ex. 5[2]) ("The patient did not see any medical dr after the incident."). Sorelle diagnosed her with carpal tunnel syndrome, cubital and Guyon tunnel syndrome, and trigger finger. *See generally id.* at 26–47. Ultimately, Dr. Sorelle recommended that Martinez-Montello have surgery to address some of her symptoms, which ultimately occurred in early 2022. *See id.* at 32 (post operative note dated February 1, 2022).

II.     Legal standard

The purpose of summary judgment is to see whether, based on the pleadings, the discovery and disclosure materials on file, and any affidavits, there is a genuine need for a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24.

---

[2] This exhibit is not properly authenticated. The court references the information contained therein to provide additional background information.

The moving party—that is, the one seeking summary judgment—bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). However, if the moving party satisfies Rule 56's requirements, then the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Further, the "court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assur. Co. of Am. v. Ironshore Specialty Ins. Co.*, 2015 WL 4579983, at *3 (D. Nev. July 29, 2015) (citing *Anderson*, 477 U.S. at 249). In resolving summary judgment motions a "court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

## III.     Discussion

Target seeks summary judgment, arguing that Martinez-Montello fails to present any admissible evidence showing that a dangerous condition existed at the Target store; that the store had any notice, actual or constructive, of any alleged dangerous condition; and last, that her alleged injuries are related to the incident that gave rise to this action. *See generally* ECF No. 18. Martinez-Montello avers that Target is not entitled to summary judgment because she has established a prima facia case of negligence and further that she has established that her injuries –and related damages–are related to the incident at Target. *See generally* ECF No. 19.

As a threshold matter, the court notes that the pleadings filed by both parties violate Local Rule IC 2-2(3), which requires that exhibits and attachments "be attached as separate

files[,]" not as part of the base document. *See* LR IC 2-2(3)(A). Both parties attached exhibits to their pleadings but failed to file each exhibit separately. Given the age of this case and judicial efficiency, the court does not strike the filings. The parties are cautioned, however, that future violations of the rules may result in the court striking inappropriately filed documents or exhibits. The court advises the parties that adherence to the rules assists the court in resolving motions more expeditiously. I turn to the substantive motion before the court.

Target's motion rises and falls on whether Target, as the moving party, has met its burden of informing the court as to the basis for seeking judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. I find that they have met their burden. In Nevada, to prevail on a negligence theory, a plaintiff generally must establish duty, breach of that duty, causation, and damages. *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 590–591 (Nev. 1991); *see also DoBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Whether a defendant was negligent is typically a question of fact, so courts are often reluctant to grant summary judgment in negligence actions. *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997). But a defendant may prevail on a motion for summary judgment by negating at least one of the elements of negligence. *Id.* at 591.

Here, there is no dispute that Target owed a duty of care to Martinez-Montello because she was a Target customer. *See Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 849 P.2d 320, 322 (1993). ("[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."). Target succeeds, however, at demonstrating an absence of a genuine issue of material fact when it comes to breach, causation, and damages. Martinez-Montello relies primarily on a report of her designated expert, John Peterson, to argue that Target breached its duty, which in turn caused injury and damages to her. ECF No. 19 at 7–10 (citing Pl.'s Ex. 8, ECF No. 19 at 70–90). But it is well established that unsworn expert reports are inadmissible and cannot be used to create a triable issue of fact for purposes of summary judgment. *See FNBN-RESCON I LLC v. Ritter*, 2014 WL 979930, *5 (D. Nev. Mar. 12, 2014) ("[F]or an expert opinion to be considered on

summary judgment, it must be accompanied by a proper affidavit or deposition testimony; courts in the Ninth Circuit 'have routinely held that unsworn expert reports are inadmissible.'"); *see also Schroeder v. Smith's Food & Drug Centers, Inc.*, 2014 WL 548149, *3 (D. Nev. Feb. 11, 2014) (same); *see also King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732, at *1 (C.D. Cal. Mar. 10, 2009) (expert report can be verified by deposition for summary judgment purposes). Peterson's opinions are contained in an unsworn expert report unaccompanied by any affidavit or declaration. This unsworn report cannot be considered as competent summary judgment evidence. Martinez-Montello's only other piece of evidence in support of breach—that she heard the Target employee/cashier after the incident tell her: "Hey, we've seen this happen. We got new carts"—is simply not enough evidence upon which a reasonable jury could determine that Target's carts failed industry safety standards. ECF No. 19 at 5. Without more, Martinez-Montello fails to demonstrate breach, which is fatal to her case. Consequently, Martinez-Montello fails meet her burden of setting forth specific facts showing that there is a genuine issue for trial so I grant Target's motion for summary judgment.[3]

## IV.     Conclusion

IT IS THEREFORE ORDERED that Target's motion for summary judgment **[ECF No. 18] is GRANTED.**

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

DATED: October 11, 2023

_____
Cristina D. Silva
United States District Judge

---

[3] Because I find that Martinez-Montello fails to demonstrate a prima facie case of negligence, I decline to address the other arguments raised by Target in its reply.